**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

KRISTINE J. KELLUM,

        Plaintiff,

v.                                          CV 1:14-CV-163 CG/LF

ADELA VILLEZCAS,

        Defendant.

**<u>COURT'S INSTRUCTIONS TO THE JURY</u>**

**INSTRUCTION 1**

Members of the Jury:

In any jury trial, there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining these rules of law, first, I will give you some general instructions which apply in every civil case—for example, instructions about the burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations. These instructions will be given to you for use in the jury room, so you need not take notes.

As judges of the facts, you have two duties.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone. Your second duty is to apply the law that I give you to the facts.  It is your sworn duty to follow all of the rules of law as I explain them, even if you disagree with them.  Each of the instructions is important, and you must follow all of them, regardless of the consequences.

Perform these duties fairly and impartially.  Do not allow sympathy or prejudice to influence you.  That was the promise you made and the oath you took.

Two additional points bear mention. First, while you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common

experience. An inference is a conclusion that reason and common sense may lead you to draw from the facts which have been proved.

Second, you should not read into these instructions or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

**INSTRUCTION 2**

In this case, the Plaintiff is Kristine Kellum and the Defendant is Correctional Officer Adela Villezcas. Plaintiff Kellum claims that she sustained substantial personal injuries and unnecessarily endured substantial pain due directly to the actions and inactions of Defendant Villezcas while she was incarcerated at the Bernalillo County Metropolitan Detention Center in October 2012 due to Defendant Villezcas' failure to timely obtain and provide Plaintiff Kellum with adequate medical care, which resulted in her being required to undergo heart surgery due to endocarditis. Plaintiff Kellum claims that Defendant Villezcas violated her rights under the Eighth Amendment to the United States Constitution when Defendant Villezcas knowingly delayed her access to medical care on October 24, 2012.

Defendant Villezcas denies that she delayed Plaintiff Kellum's access to medical care on October 24, 2012 and denies that she violated Plaintiff Kellum's rights under the Eighth Amendment. Defendant Villezcas further denies that she caused any injury to Plaintiff Kellum. Rather, Defendant Villezcas claims that Plaintiff Kellum's alleged injuries were caused by her own conduct, namely Plaintiff Kellum's use of intravenous drugs and her failure to timely seek medical attention.

**INSTRUCTION 3**

In this case, to prevail, Plaintiff Kellum must prove every essential part of her claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff Kellum's claim is more likely true than not true. In deciding whether any fact has been proved by a preponderance of the evidence, you should base your decision on all of the evidence, regardless of which party presented it.

If the proof fails to establish any essential part of Plaintiff Kellum's claim by a preponderance of the evidence, you should find for Defendant Villezcas as to that claim.

**INSTRUCTION 4**

An act or omission is a "cause" of injury or harm if it contributes to bringing about the injury or harm, and if the injury or harm would not have occurred without it.  It need not be the only explanation for the injury or harm, nor the reason that is nearest in time or place. It is sufficient if it occurs in combination with some other cause to produce the result. To be a "cause," the act or omission, nonetheless, must be reasonably connected as a significant link to the injury or harm.

**INSTRUCTION 5**

Plaintiff's claim is an Eighth Amendment claim. Under the Eighth Amendment, a prisoner has the right to be free from "cruel and unusual punishment." In order to prove that Defendant Villezcas deprived Plaintiff Kellum of this right, Plaintiff Kellum must prove the following elements:

1. Plaintiff Kellum faced a sufficiently serious medical need;

2. Defendant Villezcas knew of and consciously disregarded an excessive risk to Plaintiff Kellum's health or safety; and

3. Defendant Villezcas' actions caused substantial harm to Plaintiff Kellum.

An inmate's medical need is "sufficiently serious" if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity of a doctor's attention.

The "substantial harm" caused by a delay in treatment may be a permanent physical injury, or it may be an intermediate injury, such as the pain experienced while waiting for treatment and analgesics.

**INSTRUCTION 6**

As I directed you earlier, you must consider only the evidence in this case during your deliberations. The evidence includes:

1.    testimony of witnesses;

2.    documents and other things received as exhibits; and

3.    any facts that have been stipulated--that is, formally agreed to by the parties.

**INSTRUCTION 7**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence: the law makes no distinction between the weight to be given to direct and circumstantial evidence.

Also, it is for you to decide how much weight to give to any evidence.  For instance, the testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

**INSTRUCTION 8**

In saying that you must <u>consider</u> all of the evidence, I do not mean that you must

<u>accept</u> all of the evidence as true or accurate. You may believe everything a witness

says, or part of it, or none of it.

In considering the testimony of any witness, including any party to the case, you

may take into account:

      1.    the opportunity and ability of the witness to see or hear or know the things testified to;

      2.    the witness' memory;

      3.    the witness' manner while testifying;

      4.    the witness' interest in the outcome of the case and any bias or prejudice;

      5.    whether other evidence contradicted the witness' testimony;

      6.    the reasonableness of the witness' testimony in light of all the evidence; and

      7.     any other factors that bear on believability.

Remember, the weight of the evidence as to a fact does not necessarily depend

on the number of witnesses who testify about it.

**INSTRUCTION 9**

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether to believe the witness and how much weight to give his or her testimony.

## INSTRUCTION 10

The Rules of Evidence do not ordinarily permit a witness to testify as to an opinion or conclusion.  However, a witness who is qualified as an expert in a subject may be permitted to state an opinion as to that subject.

After considering the reasons stated for an opinion, you should give it such weight as it deserves.  For instance, you may reject an opinion entirely if you conclude that it is unsound.

**INSTRUCTION 11**

A deposition is testimony taken under oath before trial that has been preserved, in writing, by a court reporter.  Deposition testimony is entitled to the same consideration as any other testimony at this trial.

**INSTRUCTION 12**

In the event you find that Plaintiff Kellum proved her claim against Defendant Villezcas by a preponderance of the evidence, you must determine the damages to which Plaintiff Kellum is entitled. However, you are not to engage in any discussion of damages unless you have first determined that there is liability, as elsewhere covered in these instructions.

You should not interpret the fact that I have given instructions about Plaintiff Kellum's damages as an indication in any way that I believe that damages should or should not be awarded.

13

**INSTRUCTION 13**

Plaintiff Kellum has the burden of proving damages by a preponderance of the evidence. It is for you to determine what damages, if any, have been proved.

You must use sound discretion in fixing any award for damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff Kellum prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. Sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

**INSTRUCTION 14**

In fixing the amount of money which will reasonably and fairly compensate Plaintiff Kellum, you are to consider that an injured person must exercise ordinary care to minimize or lessen her damages. Damages caused by her failure to exercise such care cannot be recovered.

**INSTRUCTION 15**

If you find that, before any injury in this case, Plaintiff Kellum was already impaired by a physical condition, Plaintiff Kellum is entitled to compensation for the aggravation or worsening of the condition, but not for elements of damages to the extent they were already being suffered. However, damages are to be measured without regard to the fact that Plaintiff Kellum may have been unusually susceptible to injury or likely to be harmed. The Defendant is said to "take the plaintiff as she finds her," meaning that the Defendant, if liable, is responsible for all elements of damages caused by her conduct even if some of Plaintiff Kellum's injury arose because she was unusually susceptible to being injured.

**INSTRUCTION 16**

Medical Expenses are considered to be "the reasonable expense of necessary medical care, treatment and services received and the present cash value of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future."

**INSTRUCTION 17**

Pain and suffering is considered to be "the pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injury."

No fixed standard exists for deciding the amount of these damages. You must use your judgment to decide a reasonable amount to compensate Plaintiff Kellum for any pain and suffering you determine she endured.

**INSTRUCTION 18**

If you have found that Plaintiff Kellum is entitled to damages arising in the future, you must determine the amount of such damages. If these damages are of a continuing nature, you may consider how long they will continue.

**INSTRUCTION 19**

In this case, Plaintiff Kellum seeks to recover punitive damages from Defendant Villezcas on her Eighth Amendment claim. If you have found that Defendant Villezcas is liable to pay compensatory damages to Plaintiff Kellum on her Eighth Amendment claim, you should then consider whether the conduct that gave rise to that liability was of such a character as to subject Defendant Villezcas to punitive damages. Liability for punitive damages is assessed under different standards than is liability for compensatory damages. Punitive damages can be awarded only if you find that Defendant Villezcas' conduct which resulted in damages to Plaintiff Kellum was malicious, willful, reckless, or done with wanton indifference to the safety or rights of others.

Malicious conduct is the intentional doing of a wrongful act with knowledge that the act was wrongful.

Willful conduct is the intentional doing of an act with knowledge that harm may result.

Reckless conduct is the intentional doing of an act with utter indifference to the consequences.

Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's rights.

Punitive damages are to be awarded when actual damages are inadequate to satisfy the wrong committed. Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses. The amount of punitive damages must be based on reason and justice taking into account all the

20

circumstances, including the nature and enormity of the wrong and such aggravating and mitigating circumstances as may be shown.  The property or wealth of the defendant is a legitimate factor for your consideration.  The amount awarded, if any, must be reasonably related to the injury and to any damages given as compensation and not disproportionate to the circumstances.

## INSTRUCTION 20 - SPECIAL VERDICT FORM

You are to follow carefully the instructions contained in this Special Verdict Form,

answering in order the questions set forth below.

When at least 7 of you have agreed upon the answer to a question, you may

proceed to the next question as directed below. Once you have completed this form,

your foreperson is to sign the form and you all will return to open court.

**Question No. 1: Did Defendant Villezcas violate Plaintiff Kellum's Eighth Amendment right to be free from cruel and unusual punishment?**

**Answer:** _____ (*Yes or No*)

If the answer to Question No. 1 is "No", you are to skip Question Nos. 2, 3, and 4. Your foreperson must sign this form, and you are to return to open court.

If the answer to Question No. 1 is "Yes", you are to answer Question No. 2.

**Question No. 2: Did Defendant Villezcas' violation of the Eighth Amendment cause substantial harm to Plaintiff Kellum?**

**Answer:** _____ (*Yes or No*)

If the answer to Question No. 2 is "No", you are to skip Question Nos. 3 and 4. Your foreperson must sign this form, and you are to return to open court.

If the answer to Question No. 2 is "Yes", you are to answer Question No. 3.

**Question No. 3: In accordance with the damages instructions given by the court, the total amount of compensatory damages suffered by Plaintiff for the violation of her Eighth Amendment rights is $ _____.** (Here enter the total amount of compensatory damages to be awarded against Defendant Villezcas without any inclusion of punitive damages.).

If you entered zero in response to Question No. 3, you are to skip Question No. 4. Your foreperson must sign this form, and you are to return to open court.

If you entered any amount in response to Question No. 3, you are to answer Question No. 4.

**Question No. 4: Was Defendant Villezcas' violation of Plaintiff's Eighth Amendment rights malicious, willful, wanton, or reckless?**

      **Answer:** _____ (*Yes or No*)

      If the answer to Question 4 is "Yes", in accordance with the punitive damage instructions given by the court, the total amount of punitive damages to be awarded against Defendant Villezcas is $ _____. (Here enter the total amount of punitive damages to be awarded against Defendant Villezcas).

**SIGNATURE OF FOREPERSON**

                                    _____
                                    Foreperson

**INSTRUCTION 21**

In a moment, Mr. Taylor will escort you to the jury room and provide you with copies of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether for Plaintiff or Defendant, 7 of you must agree. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

A form of verdict has been prepared for your convenience. After you have reached agreement on a verdict, the foreperson will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.

24

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use any electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue. Under no circumstances should you reveal to me the numerical division of the jury.